902 F.2d 44
 15 U.S.P.Q.2d 1829, 15 Fla. L. Week. D1829
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
George Felix MOORE, Jr., Plaintiff-Appellant,
v.
AMERICAN BARMAG CORPORATION and Barmag, A.G., Defendant-Appellees.
 No. 89-1524.
 United States Court of Appeals, Federal Circuit.
 April 27, 1990.
 
 Before NIES, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 George Felix Moore, Jr. (Moore) appeals from the judgment of the United States District Court for the Western District of North Carolina, No. C-C-87-228-P, entered on a jury verdict, that Barmag AG and its subsidiary American Barmag Corporation (collectively Barmag) have a shop right in the invention of United States Patent No. 4,598,538 issued to Moore (the '538 patent), and on a directed verdict that Barmag did not misappropriate a trade secret belonging to Moore. We affirm.
 
 OPINION
 
 2
 Moore contends that the district court did not properly instruct the jury as to the law relating to shop rights and that there was insufficient evidence in the record to support the jury verdict granting Barmag a shop right in the invention of the '538 patent. Moore also claims that the district court improperly directed a verdict in favor of Barmag on his claim of trade secret misappropriation. After careful review of the arguments and record, we find no basis for overturning the district court's judgment.
 
 
 3
 Rule 51 of the Federal Rules of Civil Procedure provides that "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Here, the record clearly reflects that Mr. McConnell, Moore's attorney during the district court proceeding, took no objections or exceptions to the jury instructions. There is an affirmative obligation to timely raise such objections; they cannot be raised for the first time by assignment of error on appeal. Fed.R.Civ.Proc. 51; Allen Organ Co. v. Kimball Int'l, Inc., 839 F.2d 1556, 1561, 5 USPQ2d 1769, 1773 (Fed.Cir.1988).
 
 
 4
 We also find meritless Moore's contention that there was not substantial evidence of record to support the jury verdict granting a shop right in the invention of the '538 patent to Barmag. See DMI, Inc. v. Deere & Co., 802 F.2d 421, 425, 231 USPQ 276, 278 (Fed.Cir.1986).
 
 
 5
 Finally, the district court did not err in directing a verdict in favor of Barmag on Moore's trade secret misappropriation claim. The North Carolina Trade Secrets Protection Act limits a trade secret to "business or technical information" which "[i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." N.C.Gen.Stat. Sec. 66-152(3) (1981).
 
 
 6
 The record shows that Moore's invention was neither intended to be a trade secret nor maintained as a trade secret under North Carolina law. The invention was disclosed to the trade with Moore's consent and is readily duplicable from casual inspection of the Barmag FK6 T-80 yarn texturing machines on which it was used. Moore also admitted that he had not told anybody his invention was a trade secret and that he "didn't refer to the trade secret problem until [he] filed this lawsuit." Moreover, in this appeal Moore has pointed to no evidence from which a jury could properly have returned a verdict in his favor. The district court's action in directing the verdict on this issue must, therefore, be affirmed.